# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 4, 2013

No. 12-60279
Summary Calendar

Lyle W. Cayce
Clerk

SAUL GONZALEZ SANTOS; JOHNNY GONZALEZ SANTOS;
WILFREDO JIMENEZ-LOPEZ,

Petitioners

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A094 775 115
BIA No. A094 775 117
BIA No. A094 775 118

Before JONES, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Guatemalan nationals Saul Gonzalez Santos (Saul), Johnny Gonzalez
Santos, and Wilfredo Jimenez-Lopez petition for review of the Board of
Immigration Appeals' (BIA) decision dismissing their appeal and affirming the
Immigration Judge's (IJ) order denying their motion to suppress and finding
them removable. They contend that the BIA and IJ erred in denying their

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

motion to suppress, asserting that the immigration agents' conduct in their case constituted an egregious violation of the Fourth Amendment.  The Petitioners also renew their argument that the agents failed to follow their own regulations, specifically, 8 C.F.R. § 287.8(f)(2), which, they contend, constitutes a Fifth Amendment due process violation.  They urge that the proof of their alienage should therefore have been suppressed and that the removal proceedings should have been terminated.

The Petitioners additionally argue, for the first time, that Immigration and Customs Enforcement Fugitive Operations' overreaching goals and inadequate officer training have led to widespread, systemic Fourth Amendment violations.  However, they have waived the argument by failing to exhaust it. *See* 8 U.S.C. § 1252(d)(1); *see also Roy v. Ashcroft*, 389 F.3d 132, 137 (5th Cir. 2004).

We review the Petitioners' constitutional claims de novo.  *See Soadjede v. Ashcroft*, 324 F.3d 830, 831 (5th Cir. 2003).  The factual findings of the BIA and IJ are reviewed for substantial evidence.  *Zhu v. Gonzales*, 493 F.3d 588, 594 (5th Cir. 2007).

The Fourth Amendment's exclusionary rule does not generally apply to civil removal proceedings, though the Supreme Court has left open the possibility that it might apply to egregious violations.  *INS v. Lopez-Mendoza*, 468 U.S. 1032, 1050-51 (1984).  The Petitioners assert that the agents violated the Fourth Amendment in this case because Saul's consent to the search of his apartment was involuntary and/or limited in scope.  However, substantial evidence supports the IJ's and BIA's finding that Saul voluntarily consented to a search of the apartment, as well as the finding that his consent was unlimited in scope.  *See Carbajal-Gonzalez*, 78 F.3d at 197.

Alternatively, even assuming both that a Fourth Amendment violation occurred and that an egregious violation would warrant exclusion in civil removal proceedings, the Petitioners have not shown that the BIA and IJ erred

in finding that the conduct of the immigration agents was not egregious in this case.[1]  *See Lopez-Mendoza*, 468 U.S. at 1050-51; *see also Rochin v. California,* 342 U.S. 165, 166-67 (1952).  Although the Petitioners assert that racial profiling is per se egregious conduct that warrants suppression, we do not address the issue as the BIA found that the immigration agents did not engage in racial or ethnic profiling in the instant case, and substantial evidence supports that finding.  *See Carbajal-Gonzalez*, 78 F.3d at 197.

The Petitioners' Fifth Amendment claim is similarly unavailing.  They argue that the immigration agents in this case violated due process by failing to comply with their own regulations, specifically, 8 C.F.R. § 287.8(f)(2).  Their conclusional assertion notwithstanding, the record establishes that the agents in fact complied with § 287.8(f)(2) by obtaining consent for their search from Saul prior to entry.  The BIA additionally concluded that the agents acted in compliance with § 287.8(b)(2), which authorized them to briefly detain a person for questioning if a reasonable suspicion of an immigration violation arises, and the Petitioners have waived any challenge to that finding by failing to brief it. *See Thuri v. Ashcroft*, 380 F.3d 788, 793 (5th Cir. 2004).  Because the Petitioners have not shown a regulatory violation, the due process claim fails.

The petition for review is DENIED.

---

[1] To the contrary, the Petitioners concede that there was no evidence of malice or bad faith on the agents' part.